# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KEVIN SANTIAGO,**

    Petitioner,

vs.                                    Case No. 4:06cv146-SPM/WCS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Doc. 1.

Petitioner is currently incarcerated at Jefferson Correctional Institution. He challenges the sentence imposed in the Twelfth Judicial Circuit Court in Sarasota County. Jurisdiction is appropriate in this district and the Middle District, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District under § 2241(d).  See also, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting that the practice in district courts in Georgia was to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on May 31, 2006.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**